**Diann Thompson JONES, Appellant,**

v.

**Jesse Elmon JONES, Appellee.**

Court of Appeals of Kentucky.

May 14, 1971.

Robert E. Cato, Coleman D. Moberly, London, for appellant.

Luker, Luker & Roberts, London, for appellee.

CULLEN, Commissioner.

Diann Thompson Jones, appealing from a divorce judgment, complains primarily of its provisions relating to property division and alimony. She is in a difficult position in that she offered no proof in the lower court. She attributes her failure to offer proof to allegedly unreasonable limitations imposed by the trial judge as to the time for taking proof. After judgment she sought a new trial and made a showing of the nature of the proof she would offer. The motion was overruled and she asserts error in that ruling.

Mrs. Jones brought the divorce action on June 27, 1969. Her husband filed answer and counterclaim on July 2. Over three months elapsed with no proof being taken. On October 15 Mrs. Jones' attorney withdrew and on October 16 she employed another. On the latter day the court ordered that Mrs. Jones be allowed 20 days in

which to prepare her case by deposition, her husband be given 20 days thereafter, and she be given 10 days for rebuttal proof. Mrs. Jones' attorney, on the same day that order was entered, filed an affidavit of prejudice and a motion that the judge vacate the bench. The motion was overruled and on November 5 Mrs. Jones filed in this court a petition for an order of prohibition. That petition was denied by this court on December 5. During the period of time from October 16 to December 5 Mrs. Jones made no effort to take proof. On December 9 she moved for an extension of time to take proof, supported by a doctor's affidavit of her physical and mental disability to appear at the taking of depositions. The trial court gave her an extension of five days. She filed another motion for extension, again asserting physical and mental disability. This motion was overruled. In the meantime the husband had taken his proof. Judgment was entered on December 29. As hereinbefore stated, Mrs. Jones' subsequent motion for a new trial was overruled.

It is our opinion that the trial judge did not abuse his discretion in his rulings in regard to the time for taking proof. Mrs. Jones permitted four months to elapse, from the time of commencement of the action, wtihout taking any proof. When the court then limited her to 20 days she still made no effort to take proof, but instead undertook proceedings to cause the judge to vacate the bench. She shows no valid reason why she could not have taken depositions while those proceedings were pending. When she made her first motion for an extension of time, almost two months had elapsed from the date the order was entered giving her 20 days. It may be true that when she made the motion for extension she was physically and mentally unable to participate in the taking of proof, but she already had procrastinated to such an extent as to warrant the court's refusal to give her any lengthy extension of time. Furthermore, there were circumstances justifying the inference that Mrs. Jones

and her counsel were dragging their feet deliberately, hoping for more favorable treatment of the case from the new circuit judge who was to take office in January 1970, having defeated the incumbent in the 1969 elections.

The proof submitted by the husband supported the judgment as to property division and alimony. With her motion for a new trial Mrs. Jones made a showing of the proof she would offer, which was to the effect that the extent and value of the marital assets, and her contributions toward their accumulation, were substantially greater than as shown by the husband's proof. The trouble is that Mrs. Jones did not present this proof when she had the opportunity, before judgment, and she made no showing of cause for a new trial such as would *require* that she be given a new trial. Her tendered evidence as to the assets did not indicate such a disparity as to establish that the judgment constituted a miscarriage of justice in not giving her a greater award, or was based on fraudulent testimony by the husband.

Mrs. Jones complains of a provision of the judgment which awarded her a piece of real estate but which gave the husband the option to buy it from her for $9,000, which was its value as shown by his testimony. Her contention is that the property is worth much more than $9,000. Again, however, she is faced with the obstacle that she did not put on her proof of that fact on the trial.

▮ The court allowed Mrs. Jones' first counsel a fee of $150, and her subsequent counsel and an associate a fee of $200, to be paid by the husband. The subsequent counsel, who was made a party to this appeal, complains that the fee allowed him is inadequate. It is our opinion that in the light of the extent of effective services rendered the fee is not so inadequate as to be indicative of an abuse of discretion.

The judgment is affirmed.

All concur.